Jonathan Gross, State Bar No. 122010
jgross@moundcotton.com
Larry Hecimovich, State Bar No. 129688
lhecimovich@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
1900 Powell Street, Suite 600
Emeryville, California 94608
Telephone: (510) 900-9371
Facsimile:  (510) 900-9381

Attorneys for Defendant
THE CONTINENTAL INSURANCE
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEA PROPERTIES MANAGEMENT COMPANY, INC. a Delaware corporation; DYER BUSINESS PARK, LLC, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation; PACIFIC CONSTRUCTION GROUP, a California corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL  [28 U.S.C. §1332; §1441(b); 1446]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant The Continental insurance Company ("Defendant Continental") hereby removes to this Court the state court action described below.

1. On September 18, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Orange, entitled *Shea Properties Management Company, Inc. et al. v. The Continental Insurance Company, et al.,* Orange County Superior Court Case No. 30-2020-01161069-CU-IC-CJC. This is an insurance coverage dispute including causes of action for breach of insurance policy, breach of the covenant of good faith and fair dealing and declaratory relief. A copy of Plaintiffs' Complaint is attached hereto as Exhibit "1."

2. The date upon which service of Plaintiffs' Complaint was effected on Defendant Continental was February 16, 2021, when Defendant Continental acknowledged receipt of the Complaint by Notice of Acknowledgement and Receipt. A copy of the executed Notice and Acknowledgment of Receipt is attached hereto as Exhibit "2."

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant Continental pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because the combined defense and indemnity costs sought by Plaintiffs regarding the underlying action exceed this sum. Plaintiffs seeks recovery of, *inter alia*, insurance benefits in excess of $75,000. Accordingly, this action seeks damages in excess of the $75,000 jurisdictional minimum as a legal certainty.

4. Complete diversity of citizenship exists in this matter because all of the properly aligned Plaintiffs and Defendant are citizens of different states for purposes

of diversity.

5. Defendant Continental, erroneously named as a Delaware corporation, was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Illinois and having its principal place of business in the State of Illinois.  Further, Defendant Continental is not incorporated under the laws of California, Oregon, Delaware or Texas nor does it have a principal place of business in California, Oregon, Delaware or Texas.

6. Plaintiff Shea Properties Management Company, Inc. was at the time of the filing of Plaintiffs' Complaint, and still is, a Delaware corporation with its principal place of business in California.

7. Plaintiff Dyer Business Park, LLC was at the time of the filing of this action, and still is, a Texas Limited Liability Company with its principal place of business in Texas, and upon information and belief, none of its members are citizens of Illinois.

8. Pacific Construction Group ("PCG"), inaccurately described as a "Defendant," upon information and belief, is an Oregon Limited Liability Company with its principal place of business in California, and none of its members are citizens of Illinois.  PCG's interests are aligned with that of the named Plaintiffs, such that PCG's common citizenship with Plaintiff Shea Properties Management Company, Inc. does not destroy diversity.  The fact that PCG is aligned with Plaintiffs is evidenced in part by the fact that Plaintiffs' Complaint does not name PCG as a defendant to Plaintiffs' claims for relief for breach of contract or breach of the covenant of good faith and fair dealing.  Nor does Plaintiffs' prayer for a judicial declaration that Plaintiffs' alleged losses are covered under Plaintiffs' insurance policy with Defendant Continental seek any relief from PCG.  In fact, Plaintiffs' Complaint concedes that PCG is "the first named insured" under the insurance policy issued by Defendant Continental, and that PCG bears no liability for the damages Plaintiffs have allegedly suffered.  Plaintiffs falsely allege that an actual controversy

exists between Plaintiffs and PCG because "PCG does not want to see its policy limits reduced" in the event that Plaintiffs prevail in this action against Defendant Continental. The only relief Plaintiffs purportedly seek against PCG is for "a declaration that PCG is bound by the [Court's] interpretation of the [Continental] Policy." If there is coverage available under the insurance policy for the claimed loss, both Plaintiffs and PCG would benefit. Accordingly, PCG is a sham defendant whose common citizenship with Shea Properties Management Company, Inc., in California does not destroy diversity. *See Dominick's Finer Foods v. Nat'l Constr. Servs.*, No. CV 10-00836-SVW, 2010 WL 891321 at *7 (C.D. Cal. March 9, 2010).

9. In accordance with 28 U.S.C. § 1446(a), Defendant Continental attaches and incorporates by reference copies of the Summons, Complaint, and associated documents relevant to the Case Management Conference in the Superior Court of the County of Orange, State of California, Civil Action No. 30-2020-01161069-CU-IC-CJC, which includes all the papers received by Defendant Continental in this action.

10. Written notice of the filing of this Notice of Removal (that is, a Notice to Adverse Parties) will be served upon all three parties as required under 28 U.S.C. § 1446(d).

11. **Intradistrict Assignment** – Pursuant to Local Civil Rule 3-2, this action should be assigned to the Central District of this Court because the underlying matter for which Plaintiffs seek contribution, indemnity and subrogation was venued in Orange County Superior Court.

Dated:  March 17, 2021

MOUND COTTON WOLLAN & GREENGRASS LLP


By: /s/Lawrence Hecimovich
Jonathan Gross
Lawrence Hecimovich
Attorneys for Defendant
THE CONTINENTAL INSURANCE COMPANY